IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02370-MSK-MEH

ANGELO THOMAS GRUPPO,

    Plaintiff,

v.

FEDEX FREIGHT SYSTEMS, INC., a Delaware corporation,
TERRY STAMBAUGH, Vice President Human Resources, FedEx Freight System, Inc.,
an individual,
RITA MOORE, Managing Director, FedEx Freight System, Inc., an individual,
STEVE MOORE, Vice President IT Development, FedEx Freight System, Inc.,
an individual, and
SANDRA SIMPSON, Human Resources, FedEx Freight System, Inc., an individual,

    Defendants.
_____

**OPINION AND ORDER GRANTING, IN PART, MOTIONS TO DISMISS**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants Fedex Freight Systems, Inc. ("Fedex"), Rita Moore, and Steve Moore's Motion to Dismiss or, in the alternative, for More Definite Statement, [etc] **(# 17)**, the Plaintiff's response **(# 29)**, and these Defendants' reply **(# 39)**; and Defendants Terry Stambaugh and Sandra Simpson's "Joinder In" **(# 46)** the motion by Fedex and the Moore Defendants.

## FACTS

According to the Second Amended Complaint, attached to the Defendants' Notice of Removal **(# 1)**, the Plaintiff was hired by Fedex on or about March 28, 2000. He contends that

the Defendants made certain unspecified oral promises to him to induce him to leave his home in Arizona to take the job in El Paso County, Colorado.

The Plaintiff contends that Defendants Rita Moore and Steve Moore directed him to discipline or terminate other employees for reasons that the Plaintiff believed to be in violation of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). The Plaintiff refused to do so, and notified the individual Defendants of his concerns as to the legality of his instructions. On September 1, 2005, the Plaintiff apparently traveled to Fedex's headquarters in Arkansas to advise its Human Resources Department, including Defendants Stambaugh and Simpson, of his concerns. The Plaintiff returned to work in Colorado on September 6, 2006. At that time, he was notified that his employment had been terminated, and he was escorted off the premises.

The Second Amended Complaint asserts nine claims, all but the first of which are apparently asserted under Colorado state law. All but one claim are asserted generally against the "Defendants". These claims are: (i) a claim entitled "wrongful termination," but which appears to be a claim of retaliation in violation of the FMLA, based on the Plaintiff's refusal to discipline employees in what he believed was a violation of the FMLA; (ii) breach of contract, based on the Defendants' failure to abide by promises that the Plaintiff would be given increased responsibilities and job security, and that he would be reimbursed for business expenses; (iii) promissory estoppel, based on the same promises in the breach of contract claim; (iv) willful breach of contract based on the same promises; (v) outrageous conduct against Defendant Steve Moore, in that Moore attempted to force the Plaintiff to engage in acts the Plaintiff believed to be unlawful, and insulted the Plaintiff's ethnicity and perceived sexual orientation; (vi) fraud, based on the Defendants' false

promises of job security if the Plaintiff moved to Colorado, when, in fact, the Defendants intended to terminate him; (vii) wrongful termination in violation of public policy, based on the Plaintiff's refusal to discipline employees in violation of the FMLA; (viii) defamation, in that the Defendants made false statements "that plaintiff was threatening and abusive, and a danger to other employees" of Fedex; and (ix) negligence, in that the Defendants negligently failed to continue his employee disability insurance after his termination.

Defendants Fedex, Rita Moore, and Steve Moore filed the instant Motion to Dismiss, etc. **(# 17)**, arguing: (i) that the Second Amended Complaint does not provide a "short and plain statement" under Fed. R. Civ. P. 8, in that it fails to identify which employees are allegedly responsible for which acts; (ii) that the Second Amended Complaint fails to state a claim against Defendant Rita Moore, as it merely asserts that she is one of the people the Plaintiff communicated with; (iii) the Plaintiff fails to plead fraud with particularity; (iv) the Plaintiff fails to plead his defamation claim with particularity; (v) that the Plaintiff's claim for exemplary damages should be stricken pursuant to C.R.S. § 13-21-102(1.5)(a)[1]; and (vi) these Defendants should be entitled to sanctions based on the Plaintiff's failure to clarify his claims and drop his exemplary damages claim upon the Defendants' demand. Defendants Stambaugh and Simpson subsequently filed a "Joinder"[2] **(# 46)** in this motion.

---

[1] The Plaintiff concedes this argument in his response.

[2] Neither the Federal Rules of Civil Procedure nor this Court's Local Civil Rules recognize a "joinder" as an alternative to a formal motion. Use of such a device carries with it a number of substantive and administrative problems. For example, the motion that Defendants Stambaugh and Simpson join in contains a section devoted exclusively to seeking dismissal of claims against Defendant Rita Moore; Defendants Stambaugh and Simpson have no standing to join in such a request. Where one party seeks to obtain the same relief as another party, the proper practice is for that party to file a separate motion, identifying the particular relief sought and incorporating,

## ANALYSIS

### A. Standard of review

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-plead allegations in the Complaint as true and view those allegations in the light most favorable to the nonmoving party. *Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144, 1149 (10th Cir. 2001), *quoting Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The Complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Benefield v. McDowall,* 241 F.3d 1267, 1270 (10th Cir. 2001); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

The Court will direct that a more definite statement be made under Fed. R. Civ. P. 12(e) if it finds the Complaint is so vague or ambiguous that the Defendant cannot reasonably be required to frame a responsive pleading. *Franklin v. Shelton*, 250 F.3d 92, 95 (10th Cir. 1998).

### B. Claims against Defendant Rita Moore

Defendant Rita Moore seeks dismissal of the claims asserted against her on the grounds that the Second Amended Complaint makes only passing reference to her. Although Defendant Rita Moore is correct that she is only mentioned occasionally, reading the Second Amended Complaint in the light most favorably to the Plaintiff, the Court cannot say that it is beyond doubt that the Plaintiff can prove no set of facts consistent with those allegations that would entitle him

---

by reference, certain specifically-identified portions of the arguments presented by another party's briefing as the basis for that relief.

to relief against her. Although tantalizingly ambiguous, the Second Amended Complaint clearly alleges that Defendant Rita Moore ordered the Plaintiff to discipline employees in violation of the FMLA, and that the Plaintiff responded to her with his refusal. *Second Amended Complaint*, ¶ 23, 25. One could reasonably infer that Defendant Rita Moore responded to the Plaintiff's intransigence by, individually or in concert with others, effectuating his termination. This is sufficient to assert the first (FMLA retaliation) and seventh (wrongful termination) claims against Defendant Rita Moore.

The remaining claims, all but one of which the Plaintiff insists are properly lodged against all Defendants, are somewhat more curious. The second, third, fourth, and sixth claims appear to turn primarily on the representations made to the Plaintiff to induce him to move to Colorado. The Complaint does not expressly allege facts that indicate that Defendant Rita Wilson was one of the persons making those representations, much less that she even had knowledge that such representations were being made. However, at the pleading stage, the Plaintiff is merely required to allege that such promises were made and that Defendant Rita Moore is liable as a result; from this, one can draw the reasonable inference that the Plaintiff accuses Defendant Rita Moore of having made the promises in question. The ninth cause of action, alleging that Defendant Rita Moore cancelled the Plaintiff's insurance after his termination, is even more questionable, given that the Second Amended Complaint gives no indication that she possesses the corporate authority to perform such an act. Nevertheless, the standard to be applied at the motion to dismiss stage asks only whether the Plaintiff's assertions are conceivable, not whether he will

ultimately be able to prove them.[3]  Accordingly, the motion to dismiss the claims against Defendant Rita Moore is denied.

### C. Fraud claim

Fed. R. Civ. P. 9(b) requires averments of fraud to be pled with "particularity."  In general, this requirement is intended to afford the Defendants "fair notice of the plaintiff's claims and the factual ground upon which they are based."  *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000).  To satisfy the particularity requirement, a plaintiff is generally required to "set forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences thereof."  *Id.*  Rule 9(b) is directed only at the averments of the fraudulent statement itself, and does not require particularized pleadings as to other issues, such as the intent, knowledge, or state of mind of the person making the statement.  *Schwartz v. Celestial Seasonings, Inc.*, 124 F.3d 1246, 1252 (10th Cir. 1997).

The Plaintiff's allegations of fraud fail this test.  The sole allegation in the Second Amended Complaint that specifically addresses the alleged fraud is paragraph 70, which reads as follows:

> Beginning no later than June, 2003, defendants created a false
> impression that plaintiff would, if he agreed to relocate to El Paso
> County, Colorado, from Maricopa County, Arizona, be given
> additional job responsibilities and enjoy continued job security by
> making misrepresentations, half-truths, and ambiguous statements
> to plaintiff, and concealing their intent to in fact terminate plaintiff's

---

[3]At the same time, Fed. R. Civ. P. 11(b) protects against careless, scattershot pleading by the Plaintiff.  If an appropriate record were to reveal that the Plaintiff never had any good faith basis to allege that, say, Defendant Rita Moore was responsible for canceling his insurance, and that the claim was generically asserted against all Defendants due to imprecise or lazy pleading on the Plaintiff's part, the Court would not hesitate to impose appropriate sanctions.

> employment with defendant FedEx when as soon as it was feasible to do so . . .

This allegation gives nothing more than the vaguest of timeframes in which the alleged fraudulent statements were made, gives no indication whatsoever of the identity of the speaker(s), and provides only a conclusory characterization of the contents of the statements. The Court finds that this allegation fails to give the Defendants fair notice of the conduct alleged to be unlawful, and does not allow them a sufficient opportunity to respond. Accordingly, the motion to dismiss the fraud claim is granted, but the Plaintiff shall be given 15 days to file a Third Amended Complaint that re-pleads the fraud claim with the level of particularity required by Rule 9(b).

### D. Defamation

The Defendants raise similar complaints about the vagueness of the defamation claim. That claim alleges, in pertinent part, "Defendants intentionally made false statements about plaintiff, or made false statements in reckless disregard for the truth of these statements. Specifically, defendants said that plaintiff was threatening and abusive, and a danger to other employees of defendant FedEx."

To state a claim for defamation under Colorado law, the Plaintiff must allege that each Defendant: (i) made a statement, (ii) which was published to third persons, (iii) that the substance of the statement was false when published, and (iv) that the defendant knew the statement was false or acted recklessly. *Zerr v. Johnson*, 894 F.Supp. 372, 376 (D. Colo. 1995). The quoted allegation satisfies all of these elements with the exception of the publication element, which is alleged in paragraph 87 of the Second Amended Complaint. Although it would be an unusual situation for each of the four individual defendants to have separately made statements satisfying

each of the four elements, that is clearly what the Plaintiff affirms he intends to allege. It is at least a conceivable set of circumstances that all four individual Defendants (as well as Fedex) separately defamed the Plaintiff, and thus, this claim is not subject to dismissal.[4]

### E. Sufficiency under Rule 8

But for the application of Fed. R. Civ. P. 9(b) to the fraud claim, the remaining claims are subject to the "short and plain statement" requirement of Fed. R. Civ. P. 8(a)(2). That rule merely requires that the Second Amended Complaint give the Defendants "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47-48 (1957). There is some ambiguity in precisely who was alleged to be liable for each claim for relief that was asserted generally against "Defendants" in the Second Amended Complaint, but the Plaintiff's brief in opposition to dismissal makes it clear that the Plaintiff intends to assert that each and every Defendant is liable on each and every claim. The Court finds that, armed with this additional fact, the Defendants can prepare a response to each claim in the Second Amended Complaint, and proceed to engage in discovery to determine the specific facts that underlie each of the Plaintiff's claims. To be clear, the Court believes that the Second Amended Complaint, although sufficient under Rule 8, nevertheless borders on being impermissibly vague, and the Magistrate Judge is encouraged to be mindful of this fact in ruling upon discovery requests by the Defendants.

---

[4]As stated previously, however, the Plaintiff's assertion that all four individual Defendants separately defamed him is an allegation subject to the strictures of Rule 11(b), and the Plaintiff may be subject to sanctions if he cannot demonstrate an informed, good-faith basis for asserting liability as to all four of the individuals.

Accordingly, the Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 8 and their motion in the alternative for a more definite statement are both denied.

### F. Request for sanctions

The Defendants request sanctions against the Plaintiff, insofar as the Plaintiff refused to clarify the scope of the Second Amended Complaint and failed to withdraw his claim for exemplary damages. Notably, the Defendants' request appears to be made pursuant to Fed. R. Civ. P. 11(c), but the Defendants have not complied with Fed. R. Civ. P. 11(c)(1)(A) by presenting their request for sanctions in a separate motion or by complying with the specific safe-harbor provisions of that rule. Even if the Court were to consider the Defendants' motion as requesting that the Court consider imposing sanctions of its own accord, Fed. R. Civ. P. 11(c)(1)(B), the Court would decline to do so. As set forth herein, the Court has found the bulk of the Second Amended Complaint, although hardly a model of clarity, to be sufficient to state a claim under the broad standards of notice pleading. Moreover, the one matter cited in the Defendants' motion that the Plaintiff did not even seek to defend – the request for exemplary damages in an initial pleading in violation of C.R.S. § 13-21-102(1.5)(a) – is a violation presenting such minimal risk of prejudice to the defense that most reasonable counsel would choose to ignore the Plaintiff's transgression, rather than expend resources seeking to enforce it via motion.

Accordingly, the Defendants' request for sanctions is denied.

### CONCLUSION

For the foregoing reasons, Defendants' Fedex, Rita Moore, and Steve Moore's Motion to Dismiss, etc. (**# 17**) is **GRANTED IN PART**, insofar as the Plaintiff's claim for exemplary

9

damages is dismissed upon the agreement of the parties, and the Plaintiff's sixth claim for relief, sounding in fraud, is **DISMISSED**, with the Plaintiff being granted leave to amend within 15 days to comply with Fed. R. Civ. P. 9(b).  As to all other requests, the Motion is **DENIED.**  Defendants Stambaugh and Simpson's "Joinder" in the motion to dismiss **(# 46)**, to the extent cognizable as a motion to dismiss on behalf of those Defendants, is **GRANTED IN PART** and **DENIED IN PART** in accordance with the reasoning above.

Dated this 12th day of September, 2006

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge