IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02370-MSK-KLM

ANGELO THOMAS GRUPPO,

    Plaintiff,

v.

FEDEX FREIGHT SYSTEMS, INC.,
TERRY STAMBAUGH, and
STEVE MOORE,

    Defendants.
_____

**OPINION AND ORDER AWARDING SANCTIONS AND ATTORNEY'S FEES**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Affidavit of Attorney's Fees **(# 177)**, submitted in response to the Court's Opinion and Order Granting Sanctions **(# 176)**, and the Plaintiff's response **(# 178)**; and the Defendant's Affidavit of Attorney's Fees **(# 181)**, submitted in response to the 10th Circuit's award of fees incurred on appeal pursuant to *Gruppo v. FedEx Freight Systems, Inc.,* 2008 WL 4596332 (10th Cir., October 15, 2008) (unpublished), to which no responsive papers were filed.

    **A. Sanctions by this Court**

By Order **(# 176)** dated August 6, 2008, the Court granted, in part, the Defendants' Motion for Sanctions **(# 171)**, finding that the Plaintiff's counsel's assertion of defamation claims against the individual defendants was frivolous and vexatious in violation of 28 U.S.C. § 1927. The Court thus imposed sanctions against the Plaintiff's counsel under § 1927, and

1

directed the Defendants to submit evidence of the attorney fees reasonably incurred in responding to the defamation claims asserted against the individual defendants. In their affidavit **(# 177)**, the Defendants request a total of $ 13,649 in fees based on the defamation claim. That amount is broken down into several categories, some reflecting attorney time specifically directed at the defamation claims, and some reflecting attorney time spent on dispositive motions that attacked all of the Plaintiff's claims. In the latter cases, the Defendants have divided the total amount of time spent on the dispositive motions by the number of claims attacked in each motion. Thus, in essence, the Defendants contend that attacking the defamation claims required an equal amount of effort as attacks on the other substantive claims.

The Plaintiff's counsel responded **(# 178)**, expressly conceding that the hourly rates requested by the Defendants were reasonable, but contending that the amount of hours claimed by the Defendants were unreasonable. Specifically, the Plaintiff's counsel contends that it is inappropriate to derive the number of hours spent on the dispositive motions addressed to the individual defamation claims by simply dividing the total amount of time spent on the dispositive motions by the number of claims attacked. The Plaintiff's counsel also attacks a handful of time entries claimed by the Defendants to specifically relate to the defamation claim, arguing that the time entries encompass other matters as well. However, the Plaintiff's counsel concedes that $3,246 in fees, mostly attributable to the costs of the Defendants' fee application, were appropriately incurred as a result of the defamation claim and may be awarded.[1]

---

[1]The Plaintiff's counsel argues that, because the Defendant's fee request is "outrageously excessive," no fees whatsoever should be awarded. *Citing Case v. Unified School District*, 157 F.3d 1243, 1254 (10th Cir. 1998). *Case* does not necessarily stand for that proposition – the 10th Circuit stated that they "need not decide whether to adopt [a] rule" that a punitive denial of all fees is an appropriate response to an outrageously excessive fee request. Nevertheless, even

There is no apparent dispute between the parties that the familiar "lodestar" analysis provides the means by which the appropriate sanction is calculated here. *See generally Gisbrecht v. Barnhart*, 535 U.S. 789, 801 (2002) *and cases cited therein.* There being no opposition to the hourly rates requested by the Defendants, the Court accepts those rates as reasonable. Thus, the Court confines its analysis to determining the reasonable number of hours expended by the Defendants in challenging the individual defamation claims.

Turning first to the claimed hours that relate specifically to the defamation claim, the Court finds that the bulk of the time entries reflect work spent largely or exclusively on the defamation claims, and are thus compensable. However, the Court agrees with the Plaintiff's counsel that some time entries involve a variety of tasks, only some of which touch on the defamation claim. *See e.g. Docket* # 177, Ex. D. at 6 (entry dated 10/4/2006 includes tasks of "Review Plaintiff's medication summary and questions regarding his disclosures" along with tasks relating to the defamation claim); at 5 (entry dated 9/12/2006 involves "Review court's order regarding motion to dismiss," an order which concerned a variety of claims and only briefly discussed claim). The Court will excise those time entries which suggest that a substantial amount of the recorded time was spent on tasks entirely unrelated to the defamation claims – namely, $375 for the 9/12/2006 entry and $117 for the 10/4/2006 entry. The Court finds that the remaining time entries involve time that was largely, if not entirely, spent pursuing

---

assuming that this Court has the discretion to deny fees outright in such circumstances, the Court finds that the Defendants' request is not so outrageously excessive as to warrant such extreme punishment. Contrary to *Case*, this Court does not find that the Defendant's carefully delineated and excised fee request is "obviously inflated to an intolerable degree." *Id.* at 1255.

3

the defamation claims and, thus, the time reflected therein is thus compensable.  Thus, of the charges reflected in the Defendant's Exhibit D, the Court finds $ 1,328 to be compensable.

As to the time sought for making dispositive motions, the Court finds that the Defendant's decision to apportion the time spent on such motions equally across all challenged claims is not an especially reliable way of determining what time is appropriately related to the defamation claims.  Although an equal division of time among claims may be appropriate where the claims simply reflect alternative theories of recovery from a common core of facts, the defamation claims arise from a factual basis that is entirely independent of the other substantive allegations in the rest of the case; the alleged defamation apparently related to a job reference given by the Defendants to a prospective employer of the Plaintiff after his termination from FedEx (the termination giving rise to the remaining claims) had been effectuated.   Interestingly, the Court notes that, in the Defendants' summary judgment motion **(# 99)**, nearly 6½ pages of the 20-page motion – nearly a third of the motion's text – are spent addressing the defamation claim.  On the other hand, slightly more than 2 pages of the Defendants' 16-page summary judgment reply **(# 109)** – slightly more than an eighth of the text  – concerned the defamation claim.  The Defendants' 9-page Motion to Dismiss **(# 17)** addressed the defamation claim in only 5 lines. Thus, a mechanical division of time equally among all claims addressed in each dispositive motion does not give the most accurate picture of the time spent by the Defendants addressing the defamation claim.

At the same time, the Court rejects the Plaintiff's counsel's argument that, if the Defendants' proposed division of time is inappropriate, no award should be made for time spent on the dispositive motions.  The Plaintiff's counsel does not dispute that the motions did, in fact,

raise specific and substantial arguments against the defamation claims, and in such circumstances, some award to the Defendants for this time is appropriate under § 1927.

Although it is a somewhat artificial means of allocating time spent on the dispositive motions, the Court finds that tallying the proportion of text devoted solely to the defamation claims in the Defendants' dispositive motions to be more commensurate with the cost incurred by the Defendants in addressing them.  Because the defamation claims stand apart, both factually and legally from the other claims in this action, one can fairly juxtapose the space devoted to the defamation-related arguments against the entirety of the remaining portions of the briefs. Moreover, having examined the motion papers, the Court cannot say that the Defendants' arguments regarding the defamation claims were presented in significantly greater or lesser depth than the arguments presented with regard to other claims.  Thus, tallying the cumulative ratio of page space devoted to the defamation claims provides a rough, admittedly somewhat imprecise, measurement of the time and effort incurred by the Defendants in making those arguments.  Of the approximately 50 pages of briefing on the Defendants' dispositive motion, approximately 9½ pages (nearly 20%) are devoted solely to addressing the defamation claims. Thus, the Court might reasonably assume that 20% of the time expended on those motions would be compensable.  However, given that the Defendants have requested only 1/7th to 1/9th of the total time spent on those motions, the Court defers to the Defendants' lower estimates, and finds that the time claimed by the Defendants in Exhibits D and E to their motion – a total of $4,452.85 – is reasonable and compensable.

The Court declines to award anything more than a nominal fee to reflect time spent by the Defendants in preparing the defamation portion of the Proposed Pretrial Order.  The Court's

records reflect that the initial Proposed Pretrial Order, submitted in June 2007, contained no text from the Plaintiff describing the claim, and the Defendants' asserted affirmative defenses were merely paraphrases of arguments raised in the Defendants' summary judgment motion. The Proposed Pretrial Order contained no stipulations of fact with regard to the defamation claim, and the Defendants' tendered witness and exhibit lists contained very few entries that would appear to be devoted to the defamation claims. By the time the parties submitted a revised Proposed Pretrial Order **(# 117)**, the summary judgment motion had been decided and the defamation claims had been dismissed. Thus, the extent to which the Defendants incurred additional time and expense addressing the defamation claims in the Proposed Pretrial Order was minimal, and warrants only a nominal award of $ 100 in fees.

Finally, the Defendants seek compensation for the time spent drafting their successful Motion for Sanctions. As discussed in the Court's August 6, 2008 Order, the Court found the Defendants' motion to be meritorious in part, granting sanctions with regard to the defamation claims, but declining to grant sanctions with regard to the other claims asserted against the individual defendants. The Court noted that the motion was somewhat unfocused and imprecise, making it difficult to determine precisely what arguments were being raised. Nevertheless, the motion was meritorious in part, and the Defendants are entitled to some compensation for having to file it. Without a precise tool to adjust the time claimed by the Defendant for the motion to reflect the lack of focus and partial success on this motion, the Court resorts to a wholesale reduction of the time claimed by 50%. This figure is sufficient to reflect the fact that, of the two main strands of argument discerned by the Court to be raised in the motion, only one was

meritorious. Thus, the Court awards the Defendants $983.75 for the time spent making the sanctions motion.

With the $2,394 in time spent making a fee motion, conceded by the Plaintiff's counsel to be awardable, the Court finds that the lodestar figure is: $1,328 + $4,452.85 + $100 + $983.75 + $2,394 = $9,258.60. The Court finds this to be a reasonable reflection of the value of the time spent by the Defendants in attacking the defamation claims through two dispositive motions, repeated discussion and correspondence with the Plaintiff's counsel, and the invocation of the sanctions process. Neither party has argued that unusual circumstances warrant adjustment of the lodestar figure, and thus, for the reasons set forth in the Court's August 6, 2008 Order, the Court awards the Defendants sanctions against the Plaintiff's counsel under 28 U.S.C. § 1927 in the amount of $ 9,258.60.

**B. Sanctions on appeal**

In its October 15, 2008 Order, the Court of Appeals found the Plaintiff's appeal to be "frivolously and vexatiously undertaken *ab initio*," and directed the award of "excess costs, expenses, and reasonable attorney's fees for this appeal" against the Plaintiff's counsel. The matter was remanded to this Court to determine the amount of costs and fees incurred on appeal.

The Court directed **(# 180)** the Defendants to provide a statement of such costs and fees by November 20, 2008. The Defendants did so **(# 181)**, itemizing a total claim for $ 24,508.05 in costs and fees incurred on appeal. The Court's Order gave the Plaintiff's counsel until December 11, 2008 to file any response or objection to the Defendants' request. The Court's docket does not reflect that the Plaintiff's counsel filed any such response or objection, and thus, the Court assumes that the Plaintiff does not object to the Defendants' requested sum or the

methodology by which that sum was calculated. There being no opposition to the request, and the Court concluding that $ 24,508.05 in costs and fees were reasonably incurred by the Defendants in defending the appeal, that sum is awarded to them pursuant to 28 U.S.C. § 1927 with regard to the appeal.

Accordingly, the Plaintiff's counsel is sanctioned pursuant to 28 U.S.C. § 1927, in the total amount of $ 33,766.65. The Plaintiff's counsel shall pay this sum to the Defendants within 30 days of the date of this Order. If payment is not made within this time, the Defendants may apply to the Court for the entry of an interest-bearing judgment against the Plaintiff's counsel.

Dated this 7th day of January, 2009

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
United States District Judge